CHARLES M. MONROE STATIONERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18336. Promulgated April 2, 1929.

1228

*George C. Mackay, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

## OPINION.

MILLIKEN: Counsel for the respondent objected to the introduction of any evidence in this proceeding on the ground that the doctrine of *res adjudicata* precludes the introduction of any proof as competent evidence in this appeal and asks us to affirm the deficiencies now asserted on the basis of the decision in *Charles M. Monroe Stationery Co.*, 3 B. T. A. 69. We have heretofore passed on this question adversely to the respondent's contentions in *Union Metal Manufacturing Co.*, 4 B. T. A. 287. Counsel for the petitioner at the hearing had in this proceeding stated that the principal error to be alleged was as concerns the claim for a loss deduction by reason of the abandonment of the mail-order business. No testimony was introduced relative to the loss claimed as concerns trade-marks or trade-brands or other intangibles. Petitioner claims it is entitled to

a deduction of $5,000 for each of the years in question due to the loss of the mail-order business which it discontinued in the year 1918. There was paid to Monroe the sum of $25,000 for trade-marks, trade-brands, and the mail-order business which that individual had built up prior to the organization of petitioner and which upon incorporation he sold to petitioner.

The mail-order business was discontinued, due to the inability to secure merchandise with which to carry on the same. Petitioner believed that it would take five years to sell the merchandise then on hand and hence the cost of the assets purchased from Monroe should be deducted over a period of five years.

The decision in the prior proceeding, 3 B. T. A. 69, was consistent with the facts there presented and the contention of the petitioner. In this proceeding we have a different state of facts with reference to the continuance of the mail-order business, as well as different contentions of the petitioner.

The evidence is now clear that prior to the years in question the mail-order business had ceased to function and not one cent was derived therefrom by petitioner during the years in controversy. In fact, the mail-order department ceased to be an income-producing factor in the business in the year 1918. The loss, if any, was sustained prior to the years before us.

The mail-order business, along with certain valuable trade-marks and trade-brands, was purchased from Monroe for the lump sum of $25,000. We do not know the amounts specifically paid for the mail-order business. The petitioner has continued to use, and still uses, in its business many of the trade-marks and trade-brands which it acquired from Monroe and from all we know, the chief value represented in the purchase may relate and attach to the same. The respondent did not err in failing to allow the deduction claimed.

Petitioner seeks a deduction of a loss incident to the sale of an automobile truck. We do not know the cost of the truck, the depreciated cost at date of sale, or the price at which the truck was sold by petitioner. Respondent sustained.

Petitioner also seeks a deduction representing cost of a furnace which it installed in the building which it rented. Petitioner had a lease on the building which it rented. The cost of the furnace should be spread over the life of the lease. We do not know the terms or conditions of the lease or other valuable concessions which petitioner may have received from the lessor that would have an important bearing as concerns the deductibility of the item in question. Respondent sustained.

Relative to the other errors alleged, no evidence was introduced and respondent is accordingly sustained.

*Judgment will be entered for the respondent.*